Commonwealth Land Tit. Ins. Co. v Sky Abstract, LLC (2025 NY Slip Op 05453)

Commonwealth Land Tit. Ins. Co. v Sky Abstract, LLC

2025 NY Slip Op 05453

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Index No. 159204/15|Appeal No. 4890|Case No. 2024-05468|

[*1]Commonwealth Land Title Insurance Company, Plaintiff-Respondent,
v
Sky Abstract, LLC, et al., Defendants, Yoel Weisshaus, Nonparty-Appellant.

Yoel Weisshaus, appellant pro se.
Fidelity National Law Group, New York (Adam B. Kaplan of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered August 5, 2024, which denied nonparty Yoel Weisshaus's motion to vacate the default judgment against defendant Fay Farkas, unanimously affirmed, with costs.
The court providently exercised its discretion in denying Weisshaus's motion to vacate the default judgment against Farkas. The verified complaint was sufficient to establish the facts constituting the claim (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71 [2003]; Bigio v Gooding, 213 AD3d 480, 481 [1st Dept 2023]). Moreover, the properly executed affidavit of service constituted prima facie evidence of proper service as to Farkas (see Bank of Am., N.A. v Budhan, 171 AD3d 622, 622 [1st Dept 2019]). Plaintiff's failure to file the affidavit of service with the clerk of the court within 20 days of service is a "mere irregularity" rather than a jurisdictional defect and does not render the service of process a "nullity" (see Reem Contr. v Altschul & Altschul, 117 AD3d 583, 584 [1st Dept 2014]; General Ins. v Leandre, 224 AD3d 427, 428 [1st Dept 2024]). Service was deemed complete 10 days after plaintiff filed its motion for a default judgment with the affidavit of service (see Reem Contr. at 584; General Ins. at 428).
We have considered Weisshaus's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025